THE PEOPLE, RESPONDENT, v. GESTERA, APPELLANT.

APPEAL from the District Court of San Juan, Section 2.

No. 508.—Decided January 20, 1913.

CRIMINAL LAW—SANITARY REGULATIONS—RAT-PROOFING HOUSES—INFORMATION,
    INSUFFICIENT.—The information is not sufficient because it fails to state that
    the building wherein the repairs were required in order to make it rat-proof
    was a dwelling with a wooden lower floor or a building used as a market,
    warehouse, bakery, macaroni factory, distillery, pastry shop, store, grocery,
    wine cellar, pier, hotel, restaurant, café, eating house or booth. Decided on
    the grounds of the opinion rendered in Case No. 496, *The People* v. *Blanco,*
    18 P. R. R., 980.
ID.—INFORMATION, INSUFFICIENT—DEFECT NOT PLEADED.—The defect in the in-
    formation is of such a nature that it may be considered by this court although
    it was not pleaded by the appellant in this court and it does not appear
    whether he did so in the trial court.

The facts are stated in the opinion.

*Mr. Charles E. Foote, fiscal,* for The People.

The appellant did not appear.

MR. JUSTICE MACLEARY delivered the opinion of the court.

An information against the appellant herein, Teótimo
Gestera, was filed in Section 2 of the District Court of San
Juan, the essential parts of which are the following:

"The *fiscal* charges Teótimo Gestera with the infraction of Sani-
tary Rules and Regulations No. 3, relating to the construction and
preservation of buildings in a rat-proof condition according to a
law passed on July 15, 1912, thereby committing a misdemeanor, as
follows: The said Teótimo Gestera on or about August 9, 1912, was
notified by the Sanitary Inspector, J. A. Torres, in San Juan, judicial
district of the same name, that an order had been issued by the Direc-
tor of Sanitation to the effect that within the term of two days from
the date of such notification he would be required to make the follow-
ing alterations or modifications in a house belonging to him and sit-
uated in San Agustín street, designated by the Sanitary Depart-
ment as No. 10, District 30; to wit: To raise the house two feet above
the level of the street or to demolish the same. That the said Teótimo
Gestera illegally and voluntarily failed to comply with the said order
within or after the time indicated, this lack of compliance on his part

being contrary to the law in such case made and provided and against the peace and dignity of The People of Porto Rico.''

On October 7, 1912, the court rendered a decision finding the accused guilty and sentencing him to pay a fine of $50, or, in default of such payment, to undergo one day's imprisonment for each dollar of said fine that might remain unpaid, without costs.

The accused filed an appeal against the judgment of the lower court, but did not file any bill of exceptions, statement of the case, nor assignment of errors, nor did he appear at the hearing of the appeal. The *fiscal,* however, both orally and in his brief, asked for a reversal of the judgment of the lower court.

On December 20, 1912, we decided in the case of *The People of Porto Rico* v. *Enrique Blanco* (18 P. R. R., 980) that an information charging the offense alleged therein was insufficient and failed to comprise the necessary elements to show facts constituting an infraction of said sanitary rules and regulations, when it omitted to state whether the house or building in which the changes or modifications are required in order to make it rat-proof be a dwelling house with a wooden floor on the lower story or a building intended for a market, warehouse, bakery, macaroni factory, distilleries, pastry shops, stores, groceries, wine cellars, piers, hotels, cafés, restaurants, eating houses and booths.

In this as in the case of Enrique Blanco, the essential elements are lacking in the information presented by the district attorney (*fiscal*), and although the appellant has failed to plead the insufficiency of the information and while we are not informed whether he did so or not in the court below, the defect is nevertheless of such a character that we must consider it, seeing that it is incumbent upon us to ascertain whether or not the information charges the commission of an offense.

For the reasons given, the sentence appealed from must be reversed.

*Reversed.*

Chief Justice Hernández and Justices del Toro and Aldrey concurred.

Mr. Justice Wolf did not take part in the decision of this case.